**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GABRIELA M. THACH,                    )
                                      )
          Petitioner,                 )
                                      )
v.                                    )          Case No. 04-10065-001WEB
                                      )                   06-3195-WEB
UNITED STATES OF AMERICA,             )
                                      )
          Respondent.                 )

MEMORANDUM AND ORDER

Now before the Court is the motion of petitioner of Gabriela M. Thach, to vacate, set aside, or correct her sentence under the provisions of 28 U.S.C. § 2255.

A review of the record reflects that Petitioner pled guilty on May 24, 2004 to one count of violating 21 U.S.C. § 846, conspiracy to distribute methamphetamine. (Docs. 44, 52, 54). Thach was sentenced on September 13, 2004 to 108 months imprisonment and judgment was entered on September 15, 2004. (Docs. 77, 80). Petitioner did not file a direct appeal. On July 13, 2006 Petitioner filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. (Doc. 110). The government replied, arguing that her § 2255 motion was time barred. (Doc. 113). Petitioner filed no traverse.

Petitioner argues that her sentence is unconstitutional because: 1) she received ineffective assistance of counsel because counsel induced her to plea guilty and did not appeal; 2) her plea was not knowingly and voluntarily given; and 3) her sentence violates *Booker* and *Blakely*. *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker,* 543 U.S. 220, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005).

-1-

I.  STANDARD

Under 28 U.S.C. § 2255 a defendant has a one year period of limitation which shall run from

the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

II. ANALYSIS.

Judgment was entered on September 15, 2004 and Petitioner had 10 days to appeal.  Fed. R.

App. P. 4(b)(1)(A).  Petitioner did not file a direct appeal; therefore, her conviction became final on

September 29, 2004.  *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); see *United States*

*v. Burch,* 202 F.3d 1274, 1276 (10th Cir. 2000) (for purposes of the limitations period in § 2255(1),

if a defendant does not to appeal to the Supreme Court, the conviction becomes final after the time

for seeking certiorari review expires).  The period of limitations began to run the following day;

consequently, under section 2255(1), Petitioner's one-year period of limitations expired on

September 30, 2005.  *United States v. Hurst*, 322 F.3d 1256, 1258 (10th Cir. 2003) (the one year

limitations period expires on the anniversary date of the triggering event).  Petitioner's motion was

filed on July 13, 2006; consequently, under § 2255(1), Petitioner's motion is time barred because

it was filed over nine months after the limitations period expired.[1]

While Petitioner argues *Booker* and *Blakely* apply to her case, § 2255(3) is unavailable for calculating the period of limitations. First, *Booker* does not apply retroactively on appeal to criminal cases that became final before its effective date of January 12, 2005. *United States v. Bellamy*, 411 F.3d 1182, 1186-1188 (10th Cir. 2005). Petitioner's case was final before this date; consequently, *Booker* does not serve as a basis for section 2255(3). Second, the *Blakely* decision was decided on June 24, 2004. *Blakely*, 542 U.S. at 296. Section 2255 mandates the use of the latest date for calculating the period of limitations. The date Petitioner's conviction became final is later than the *Blakely* decision; consequently, the Court will use the final conviction date and apply section 2255(1).

Petitioner claims she did not timely file for relief because she does not understand English or the American legal system. (Doc. 110 at 13, 23). The Court will construe this as a request to equitably toll the period of limitations. Equitable tolling is available "when an inmate diligently pursues [her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner's arguments are unpersuasive. First, ignorance of the legal system is not sufficient to justify equitable tolling. *Id.* (ignorance of the law does not excuse dilatory filing). Second, Petitioner's disavowed knowledge of English is incredible in light of the record. During the plea colloquy, Petitioner stated she "understood quite a bit of English". (Doc. 112 at 4: 9-13). Indeed,

---

[1] Petitioner's motion and supporting brief were signed on three separate dates including: September 2, 2005, September 8, 2005, and November 8, 2005. Petitioner acknowledges her motion is untimely and does not argue these dates comply with the mailbox rule; consequently, the Court will treat July 13, 2006 as the filing date. (Doc. 110 at 11, 13, 23); see *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).

she stated she was able to read and understand the petition to plea guilty without the assistance of an interpreter.   (Id. at 4: 2-8).   Furthermore, Petitioner wrote this motion and supporting memorandum in English, in which she adequately stated her claims for relief.   Petitioner's unsupported assertions proclaiming her ignorance of the English language do not serve as a basis for equitable tolling.  See *United States v. Sosa*, 364 F.3d 507, 512-513 (4th Cir. 2004) (equitable tolling denied despite petitioner's claim that he could not communicate in English because the record established he had a command of the English language); see *United States v. Bambulas,* 571 F.2d 525, 526 (10th Cir. 1978) (the truth and accuracy of sworn statements at a change of plea hearing are conclusive in the absence of a believable reason justifying their rejection).

Petitioner's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 110), an evidentiary hearing, and Certificate of Appealability under the provisions of 28 U.S.C. Section 2253 are DENIED.  The clerk is directed to enter judgment for Respondent.

SO ORDERED this 14th  day of December, 2006.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge

-4-